UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>TED LEE DURAN,<br><br>Defendant | CASE NO. 1:12-CR-0384 AWI<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 38) |

On October 2, 2020, the Court received a motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release filed by pro se Defendant Ted Duran.  On October 5, 2020, the Court appointed the Federal Defender's Office to represent Defendant and review his pro se motion.  See Doc. No. 38.  Also on October 5, 2020, the Court granted in part a sealing order that sealed an exhibit that contained prison medical records.  See Doc. No. 40.  An attorney was later appointed to represent Defendant.  See Doc. Nos. 45, 46.  Counsel has recently filed a notice of non-supplementation.  See Doc. No. 47.  In light of the notice of non-supplementation, Defendant's motion for compassionate relief is properly before the Court.  For the reasons that follow, the Court will deny Defendant's motion.

*Background*

On January 13, 2014, pursuant to a plea agreement, Defendant pled guilty to violations of 18 U.S.C. §§ 2252A and 2252, receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct.  See Doc. Nos. 32, 33.

On March 24, 2014, Defendant was sentenced to a term of 204 imprisonment and lifetime supervised release.

In October 2020, the Court received Defendant's motion for compassionate release.  At the time the motion was filed, Defendant was housed at the United States Prison in Marion, Illinois.  See Doc. No. 38.  However, according to the Federal Bureau of Prisons inmate locator, Defendant is currently housed at Big Spring FCI in Big Spring, TX.

*Defendant's Argument*

Defendant argues that "extraordinary circumstances" support a grant of compassionate release.  Specifically, Defendant asserts that he has multiple co-morbidities (diabetes, asthma, obesity, heart conditions) that make him particularly susceptible to COVID-19.  There are 150 active COVID-19 cases in the Marion Prison, and two inmates have died.  The conditions at the Marion Prison make it impossible to take appropriate preventative measures against infection.  Further, Defendant argues that he has a viable plan outside of prison, has undertaken rehabilitative efforts, and does not pose a threat to society.

*Legal Standard*

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing Dillon v. United States, 560 U.S. 817, 819 (2010) and 18 U.S.C. § 3582(c)).  However, Congress provided an exception under 18 U.S.C. § 3582(c)(1)(A) to reduce a sentence for "extraordinary and compelling reasons."  Id.  When a defendant "moves for compassionate release under § 3582(c)(1)(A), district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Chen, 48 F.4th 1092, 1094-95 (9th Cir. 2022); see also United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022).  "While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, they cannot be treated as binding constraints on the court's analysis."  Wright, 46 F.4th at 946 (internal quotations omitted) (citing Aruda, 993 F.3d at 802).  "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion."  Chen, 48 F.4th at 1095 (citing Aruda, 993 F.3d at 801-802).  The inmate bears the "burden to establish his eligibility for compassionate release."  Wright, 46 F.4th at 951.

*Discussion*

After review, the Court does not find that extraordinary circumstances exist. Defendant is no longer imprisoned in the Marion Prison. He is instead housed in Big Spring, Texas. Big Spring FCI is operating as a Level 1 COVID Facility, as are every other federal detention facility under the purview of the Federal Bureau of Prisons (including Marion Prison). See www.bop.gov/coronavirus/index.jsp; www.bop.gov/coronavirus/covid19_statistics.html.[1] Level 1 COVID facilities have only minimal modifications being implemented. Further, while it appears that four inmates have tested positive for COVID 19, there are no other pending tests and, again, Big Spring remains a Level 1 facility. See id. Thus, there is not a substantial outbreak of COVID 19 at Big Spring. Understanding and treatment of COVID 19 have advanced since Defendant filed his motion. There is nothing before the Court that suggests that the current conditions of Marion Prison or Big Spring pose a substantial danger to Defendant, or that Defendant will be unable to receive appropriate treatment for any medical condition he has or might get, or that Defendant will be unable to take reasonable preventative steps at either of these prisons to avoid COVID 19. Because extraordinary circumstances do not exist, the Court will deny Defendant's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for compassionate release (Doc. No. 38) is DENIED; and
2. The Clerk shall send a copy of this order to Defendant at Big Spring FCI.

IT IS SO ORDERED.

Dated:   April 21, 2023                                   _____
                                                          SENIOR DISTRICT JUDGE

---

[1] Both cites visited on April 19, 2023.